UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JENIFER LILLY,                              )
                                            )
         Plaintiff,                         )
                                            )
v.                                          )   No.:  2:12-CV-364
                                            )        (VARLAN/SHIRLEY)
RAB PERFORMANCE RECOVERIES, LLC,            )
and BUFFALOE & ASSOCIATES, PLC,             )
                                            )
         Defendants.                        )

## MEMORANDUM OPINION & ORDER

This civil action is before the Court on defendant Buffaloe & Associates, PLC's Motion to Dismiss [Doc. 8]. Plaintiff filed a response [Doc. 9]. After carefully considering the arguments of the parties and the relevant law, the Court will grant in part and deny in part defendant's motion.

### I.   Background[1]

Plaintiff, Jenifer Lilly, commenced this action on August 22, 2012, asserting "violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")" [Doc. 1 ¶ 2]. Plaintiff is alleged to have incurred a credit card debt, owing to Chase Bank [*Id.* ¶ 7]. Sometime prior to August 22, 2011, and after she defaulted on

---

[1]For the purposes of a motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint" (citations omitted)).

the debt, the debt was sold or transferred to defendant RAB Performance Recoveries, LLC ("RAB") [*Id.* ¶ 8].

On August 30, 2011, defendant Buffaloe & Associates, PLC ("Buffaloe") sent a collection letter to plaintiff in connection with this debt [*Id.* ¶¶ 11, 12]. According to plaintiff, the letter "prominently" displays the name of the firm as well as the names and email addresses of seven attorneys and states:

> This office represents RAB PERFORMANCE RECOVERIES, LLC and has been retained to collect the balance due on this account. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.
>
> . . . .
>
> In the event you are unable to pay this account in full at this time, please contact this office and a member of our staff will be happy to discuss the account with you. If you dispute any portion of this debt, please see the next paragraph regarding your rights.
>
> **Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment against you (where appropriate), and we will mail you a copy of such verification or judgment. If you make a written request within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

[Doc. 1-1 (emphasis omitted)]. It was also "auto signed" by "Buffaloe & Associates PLC" [Doc. 1 ¶ 17].

2

On or about October 5, 2011, Buffaloe filed a civil warrant and sworn affidavit in state court and served it on plaintiff in connection with collection of the debt [*Id*. ¶¶ 37, 38]. The civil warrant stated that the amount due on the debt was for "the principal amount of $3,464.32, plus court cost in the amount of $114.50, and service of process fees in the amount of 25.00" [Doc. 1-2 (emphasis omitted)]. Likewise, the sworn affidavit stated that plaintiff owed $3,464.32 as of August 15, 2011 [*Id.*].

Plaintiff sets forth several claims stemming from receipt of this letter & subsequent civil warrant, which Buffaloe summarizes as follows in its Motion to Dismiss:

> (1) The use of Buffaloe's letterhead in the August 22, 2011 collection letter constituted a false implication that attorneys were involved in sending the collection letter, despite a disclaimer to the contrary, in violation of 15 U.S.C. §§ U.S.C. 1692e and 1692e(3);
>
> (2) Buffaloe's statement that 'if you fail to contact this office, our client may consider additional remedies to recover the balance due' is inconsistent with a debtor's right to dispute a debt under 15 U.S.C. § 1692g(b) and could, therefore, constitute a misleading statement in violation of 15 U.S.C. §§ 1692e and 1692e(10), as well a threat to initiate legal action prior to the expiration of the validation period in violation of 15 U.S.C. § 1692e(5);
>
> (3) Buffaloe's statements concerning the outstanding balance in the August 22, 2011 collection letter and possibility of additional fees and contract interest falsely represented the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), was misleading in violation of 15 U.S.C. §§ 1692e & 1692e(10), constituted an unfair means to collect the debt in violation of 15 U.S.C. § 1692f, and was an attempt to collect an amount not expressly authorized by agreement or law in violation of 15 U.S.C. § 1692(f)(1);

3

> (4) The August 22, 2011 collection letter's failure to identify the applicable interest fees and rate, attorney's fees, and date as of which the amount was due violates 15 U.S.C. § 1692g(a)(1)'s requirement of stating the amount of debt in the initial communication);
>
> (5) Buffaloe's failure to include a disclaimer in the sworn affidavit included with the civil warrant that the communication is from a debt collector violates 15 U.S.C. § 1692e(11);
>
> (6) Defendant Buffaloe falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A); and
>
> (7) Buffaloe failed to obtain appropriate licensure for conducting a debt collection service in violation of Tenn. Code Ann. § 62-20-105(a)

[Docs. 1, 8].

For these alleged violations of the FDCPA, plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) [Doc. 1 ¶ 74].

Buffaloe moved the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all of plaintiff's claims [Doc. 8], stating that the complaint fails to state claims upon which relief may be granted [*Id.*].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it

4

rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III.    Analysis**

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §

5

1692(e). The Court is required to analyze alleged FDCPA violations "through the lens of the 'least sophisticated consumer.'" *Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007) (quoting *Smith v. Transworld Sys. Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992)). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Colomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 1318 (internal quotation marks omitted). It also "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320.

### A. Attorney Involvement

Plaintiff's first allegation is that the use of the Buffaloe letterhead constituted a false implication that "attorneys, acting as attorneys" were involved in the debt collection [Doc. 1 ¶ 21]. Section 1692e(3) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

15 U.S.C. § 1692e(3). Buffaloe asserts that plaintiff's allegation fails to state a claim because the letter contained "a prominent and unambiguous disclaimer that no attorney

6

had reviewed the Plaintiff's file at the time of the August 22, 2011 letter's transmission" [Doc. 8 ¶ 9].

The Court agrees. Here, the August 22, 2011 collection letter states that "no attorney with this firm has personally reviewed the particular circumstances of [plaintiff's] account" [Doc. 1-1]. Other Courts have held that similar statements sufficiently apprise the debtor of the attorney's role as a debt collector and do not run afoul of 15 U.S.C. § 1692e(3). *See Greco v. Trauner, Cohen & Thomas, LLP.*, 412 F.3d 360, 363–65 (2d Cir. 2005) (finding no FDCPA violation because, while letter from law firm stated "'this office represents the above named BANK OF AMERICA,'" it also stated that "[a]t this time, *no attorney with this firm has personally reviewed the particular circumstances of your account*" (alteration and emphasis in original)); *Farmer v. Buffaloe & Assocs., PLC*, No. 3:12-CV-142, 2012 WL 6045976, at *4 (E.D. Tenn. Dec. 5, 2012) (noting that use of law-firm letter head did not violate FDCPA because of disclaimer that "no attorney" had "reviewed the particular circumstances" as well as statement that "this communication is from a debt collector"); *Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp. 2d 913, 921–22 (N.D. Ohio 2011) (noting that letter written on law firm letterhead did not violate 15 U.S.C. § 1692e(3) because "the validation notice properly disclaims attorney involvement, stating, '[a]lthough we are a law firm, at this time, no attorney has evaluated your case, or made any recommendations regarding the validity of the creditor's claims, or personally reviewed the circumstances of your account'"). In addition, the bottom of the letter contains the statement that "this

7

communication is from a debt collector" in capital letters, so even the least sophisticated consumer could not infer attorney involvement, despite the use of law-firm letterhead [Doc. 1-1]. *See Farmer*, 2012 WL 6045976 at *4.

Plaintiff asserts that the letter she received differs from the letter at issue in *Michael v. Javitch, Black & Rathbone* because the letter in *Michael* did "not contain the threatening language – 'However, if you fail to contact this office, our client may consider additional remedies to recover the balance due'–, that" was included in the letter sent to plaintiff [Doc. 9]. The same language, however, was included in the letter at issue in *Greco*, which the Second Circuit determined did not run afoul of the FDCPA. *See* 412 F.3d at 361.

Plaintiff also relies upon *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011), a case where the plaintiff received a letter from the Kay Law Firm, seeking to recover a debt he owed to Washington Mutual. 650 F.3d at 995. The Third Circuit Court of Appeals held that the letter violated the FDCPA because "it was misleading and deceptive for the Kay Law Firm to raise the specter of potential action by using its law firm title to collect a debt when the firm was not acting in its legal capacity when it sent the letters." *Id.* at 1003. *Lesher* is distinguishable, however, because the statement that the communication was from a debt collector, not an attorney, was on the back of the letter. *See* 650 F.3d at 1003 n.11 ("In viewing the Kay Law Firm letters at issue here, however, we are not convinced that this disclaimer, which—unlike in

8

*Greco*—was printed on the back of the letters, effectively mitigated the impression of attorney involvement.").

>    B.    **Statement Regarding Remedies to Recover the Balance Due**

The FDCPA sets forth a thirty-day period following the initial communication or subsequent follow-up notice during which a debtor must cease all collection actions to allow the debtor to challenge the validity of the debt. 15 U.S.C. § 1692g(b). The initial communication or subsequent follow-up notice must include a notice of the debtor's validation rights under 15 U.S.C. § 1692g. 15 U.S.C. § 1692g(a). In this case, the August 22, 2011 collection letter contained the following validation notice, written in bold letters:

> \*\*Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion of thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment against you (where appropriate), and we will mail you a copy of such verification or judgment. If you make a written request within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

[Doc. 1-1]. The collection letter also states: "if you fail to contact this office, our client may consider additional remedies to recover the balance due" [*Id.*].

Plaintiff claims this latter statement contradicts the statement of rights in the validation notice and constitutes a false or misleading statement to the least sophisticated consumer, in violation of 15 U.S.C. §§ 1692e and 1692e(10) as well as 15 U.S.C. §

9

1692g(b). The Court disagrees, as even the least sophisticated consumer reading the contested statement along with the statement of rights in the validation notice would not construe the contested statement as inconsistent with the statement of rights in the validation notice. Indeed, nothing in the contested statement contradicts the debtor's validation rights under 15 U.S.C. § 1692g or the timeframe during which the debtor may take advantage of those rights. *Cf. Dunn v. Derrick E. McGavic, P.C.*, 653 F. Supp. 2d 1109, 1113–14 (D. Or. 2009) (finding the statement "[i]f our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired" overshadowed and contradicted the debtor's right to dispute the debt).

Plaintiff also claims this latter statement constitutes a threat of immediate legal action prior to the expiration of the validation period, in violation of 15 U.S.C. § 1692e(5). The question is whether plaintiff was led to believe that she did not have thirty days to dispute the debt. *See Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007). The Court concludes that the least sophisticated consumer would, by reading the letter in its entirety, understand that he or she has thirty days to contest the debt and that no legal action would be taken until after that time period. *See Farmer*, 2012 WL 6045976 at *5.[2]

---

[2] Plaintiff relies upon *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997), for the idea that a statement concerning additional remedies along with thirty-day validation notice could violate the FDCPA. In that case, however, the letter in question stated that the debtor only had seven days to contact or pay the creditor or face legal action, whereas here the letter only states that additional remedies may be considered if plaintiff fails to contact Buffaloe.

10

### C. Amount of the Debt

Plaintiff alleges Buffaloe failed to send plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1), and made a false, deceptive, and misleading representation of the amount of the debt in the August 30, 2011 collection letter, in violation of 15 U.S.C. § 1692e(2)(A), and that the false representation of the character, amount, or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f [Doc. 1 ¶¶ 29, 32–36].

Section 1692g requires debt collectors to make certain disclosures in the initial communication to the debtor. 15 U.S.C. § 1692g(a). Among these disclosures is "the amount of the debt." 15 U.S.C. § 1692g(a)(1). If the debt collector fails to include any of the required information in the initial communication, then it is required to send notice containing the required information within five days of the initial communication. 15 U.S.C. § 1692g(a). Although the Sixth Circuit has not addressed what information must be provided by the debt collector in order to comply with the requirement to state the "amount of the debt," other Circuits have done so. In *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, the Seventh Circuit fashioned a "safe harbor" for complying with the provisions of the statute, stating that the following language satisfies a debt collector's obligation to state the "amount of the debt" where the amount of the debt varies from day to day:

11

> "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number]."

214 F.3d 872, 876 (7th Cir. 2000).

Here, the August 22, 2011 collection letter stated:

> Original Claim Amount: $3,464.32
> Plus Attorney Fees and Contract Interest (IF APPLICABLE TO THE ACCOUNT)
> YOU MUST CONTACT THIS OFFICE FOR A COMPLETE PAYOFF BALANCE

[Doc. 1-1]. In *Farmer*, this Court held that identical language used by Buffaloe in a similar collection letter was not sufficiently similar to the safe-harbor language established by the Seventh Circuit in *Miller* because it did not state the exact amount due, including any interest and other charges; rather, it stated that a certain amount plus attorney fees and interest, if applicable, will be due and that the debtor must contact the law firm to obtain the total payoff balance. 2012 WL 6045976 at *5. *See also Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, No. 2:11-CV-13, 2011 WL 3489685, at *5 (E.D. Tenn. Aug. 9, 2011) (finding plaintiff stated a claim under the FDCPA where letter "did not correctly state the amount of the debt because it failed to

12

indicate that interest was accruing and the applicable interest rate"). The Court reaches the same conclusion in this case.[3]

Accordingly, the Court finds plaintiff has stated claims that Buffaloe failed to send plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1) and made a false, deceptive, and misleading representation of the amount of the debt in the August 22, 2011 collection letter, in violation of 15 U.S.C. § 1692e(2)(A). Plaintiff has also stated claims that the false representation of the character, amount, or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.[4]

### D. Civil Warrant and Sworn Affidavit

Plaintiff also claims that Buffaloe violated 15 U.S.C. § 1692e(11) by not including the requisite disclosures in the sworn affidavit attached to the civil warrant filed by Buffaloe in Sullivan-Bristol County General Sessions Court [Doc. 1-2].

---

[3] In *Miller* itself, the Seventh Circuit found defendant violated § 1692g(a)(1) where the letter specified a firm amount for the "unpaid *principal* balance" of the loan, but also sought to recover "accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement." 214 F.3d at 875 (emphasis in original).

[4] In light of the Court's finding, and plaintiff's allegation that defendant sent no additional communication until the October 5, 2011 civil warrant, the Court also finds that plaintiff has stated a claim that Buffaloe's failure to properly state the amount of the debt in the initial communication triggered an obligation under 15 U.S.C. § 1692g(a) to send a follow-up notice five days later [Doc. 1 ¶ 36].

13

Section 1692e(11) prohibits the following:

> [t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

Buffaloe argues that the civil warrant and attached sworn affidavit fall under the "formal pleading" exception set forth in § 1692e(11) so that the disclosures set forth in that provision were not required. The Court agrees. The civil warrant in this case serves the same purpose in a general sessions court case as the complaint does in other courts, as it is the manner in which an action is commenced in a general sessions court. Tenn. Code Ann. § 16-15-716. In addition, the sworn affidavit attached to the civil warrant serves as the means to conclusively establish the amount owed, such that it becomes a necessary part of the complaint. *See* Tenn. Code Ann. § 24-5-107. This Court has previously stated that "[a] complaint on a sworn account must be supported by an affidavit proving the existence and correctness of the account." *AMC Demolition Specialists, Inc. v. Bechtel Jacobs Co., LLC*, 3:04-CV-466, 2006 WL 2792401, at *10 (E.D. Tenn. Sept. 26, 2006) (dismissing claim on sworn account when complaint did not contain a sworn affidavit).

While plaintiff argues that the Court should construe the "formal pleading" exception narrowly, the cases plaintiff relies upon are inapposite to the facts of this case. In *Hauk v. LVNV Funding*, 749 F. Supp.2d 366-67 (D. Md. 2010), the Court held that

14

interrogatories served within the course of litigation are subject to the FDCPA, noting that "Congress did not intend for all documents filed in connection with a lawsuit to fall within the formal pleading exceptions," *id.* This case does not concern discovery matter but rather concerns a document filed with the complaint that normally must be filed when a sworn account is involved in order to avoid dismissal. Plaintiff also cites to *Nikkel v. Wakefield & Assocs., Inc.*, No. 10-CV-02411-PAB-CBS, 2011 WL 4479109 (D. Colo. Sept. 26, 2011), but that case involved a cover letter accompanying a courtesy copy of a complaint rather than a sworn affidavit served as a necessary attachment to the civil warrant. Thus, the Court concludes that plaintiff has not stated a claim under 15 U.S.C. § 1692e(11).

### E. Debt Collection Licensing

Finally, plaintiff claims that Buffaloe violated provisions of the FDCPA by failing to obtain the appropriate license to collect debts in Tennessee, specifically alleging violations of 15 U.S.C. §§ 1692e, 1692e(1), 1692e(5), 1692e(10), and 1692f. Plaintiff alleges that because Buffaloe is a "collection service" under Tennessee law, it was required to possess a valid collection service license from the Tennessee Collection Service Board. Buffaloe argues that because it is a law firm, it falls under one of the exceptions to the licensing requirement, and that it is not in violation of the FDCPA.

The Tennessee Collection Service Act provides that "[n]o person shall commence, conduct or operate any collection service business in this state unless the person holds a valid collection service license issued by the board under [the Tennessee Collection

15

Service Act] or prior state law." Tenn. Code Ann. § 62-20-105(a). A "collection service" is defined as "any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills or other forms of indebtedness . . . ." Tenn. Code Ann. § 62-20-102(3). The law provides an exception, however, for "[a]ttorneys at law." Tenn. Code Ann. § 62-20-103.

In support of her contention that Buffaloe is not subject to the licensing exception, plaintiff relies upon *Applicability of Collection Service Licensure Requirements to Company Owned and Operated by Attorneys*, Tenn. Op. Atty. Gen. No. 00-105 (2000), 2000 WL 777866, in which the Attorney General's Office analyzed a hypothetical by which two attorneys operate a non-law firm collection company. The opinion concluded that the company, without any evidence suggesting that it was "a law firm, solo law practice, association of attorneys or other business that is subject to the oversight of the Tennessee Supreme Court and its Board of Professional Responsibility," would be subject to the licensing requirements under Tennessee law. *Id.* at *2. The opinion also based its conclusion on the fact that the attorneys who owned the company would not be offering legal services, would not be holding themselves out as attorneys, and would not be involved in the matter until after a judgment had been rendered. *Id.* at *3.

In this case, Buffaloe is not a company formed by lawyers to conduct non-lawyerly activities. Buffaloe is a law firm, subject to regulation and oversight by the Tennessee Supreme Court, the state Board of Professional Responsibility, and various other organizations that regulate and oversee the practice of law. Buffaloe is involved in

the collection of plaintiff's debt, but it is only doing so on behalf of RAB. Buffaloe does not own the debt it is seeking to collect, and, in the suit filed in the general sessions court, RAB appears as the plaintiff seeking recovery, while Buffaloe appears as attorney for RAB. From these facts, the Court concludes that Buffaloe was acting as a law firm furthering the interests of a client in collecting a debt rather than acting as a debt collector furthering its own interest in recouping the amount owed. Accordingly, Buffaloe falls under the exception set forth in § 62-20-103 and is not subject to Tennessee's licensing requirements, so that plaintiff has failed to state a claim under the FCPA for Buffaloe's failure to obtain a license.

**IV. Conclusion**

For the reasons stated herein, the Court will **GRANT IN PART and DENY IN PART** Defendant Buffaloe & Associates, PLC's Motion to Dismiss [Doc. 8].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE